UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

Case No.: CV 09-5701-PA(CTx)                    Date: December 10, 2009

Title:   VALENTIN VERNER v. SWISS II
=================================================================
DOCKET ENTRY:
=================================================================
PRESENT:        Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

                Deborah Malone                      _____
                Deputy Clerk                        Court Reporter

   ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:
           None present                              None present

**PROCEEDINGS:**   (DENYING PARTIES' REQUEST TO SIGN STIPULATED
                   PROTECTIVE ORDER WITHOUT PREJUDICE)

   The parties' request for the court to sign a stipulated protective order has been referred to the magistrate judge and is **DENIED WITHOUT PREJUDICE** for the reasons set forth below. The parties are advised to take the following into consideration before submitting a stipulated proposed protective order to the court:

1.   Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted")(citations omitted)(emphasis added); see also Seattle Times v. Rhinehart, 467 U.S. 20, 37 (1984)(protective order does not offend the first amendment where it is "*entered on a showing of good cause as required by Rule 26(c)*, is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources")(emphasis added).

     So that it is clear to the court and any party or nonparty seeking to challenge the confidential designation of any documents covered by a protective order, the parties should identify the specific documents, categories of documents, or portions of documents to be deemed confidential in a meaningful fashion and indicate what prejudice or harm will result if no protection is granted for those particular documents or information.  The stipulated protective order submitted to the court is not sufficient.  (See [Proposed] Stipulated Protective Order ("Stip.") at 1, §§ 4, 5.)  Furthermore, a proposed protective order that gives the parties latitude to determine,

after the fact, what types of materials should fall within the parameters of protected material is not sufficiently specific. In the event the parties wish to seek protection for additional categories of materials in the future, they may request to amend the protective order.

2. In proposing or agreeing to the protection of "trade secrets," the definition for that terms in California Civil Code § 3426.1 should be incorporated into the protective order, either by reference or by quotation. (See, e.g., Stip.§ 4.)

3. The parties may agree to make an application to file confidential documents under seal in accordance with the procedures set forth in Local Rule 79-5 and the standards set forth in Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-81 (9th Cir. 2006). (See Stip. §§ 7(b), 14, 15.) However, in filing an application under Local Rule 79-5, the parties should seek to file only the confidential portions of such documents under seal and any application to file documents under seal in proceedings before the district judge should be made to the district judge.

4. All discovery disputes concerning a protective order sought from the magistrate judge shall be conducted pursuant to Local Rule 37. (See, e.g., Stip. § 16.)

5. A stipulated proposed protective order submitted to the magistrate judge should be limited to the discovery stage. If the parties wish to have a broader protective order that covers matters beyond discovery, which it appears they may have been seeking to do, they may submit a request for a proposed stipulated protective order to the district judge. (See Stip. at 1, §§ 14, 15, 20, and signature line.) The magistrate judge suggests that if the parties wish to submit a broader order to the district judge, they clearly state in the caption that the request *is not limited to discovery and is for consideration by the district judge* so the request will not be routed to the magistrate judge.

6. The court will not sign a protective order that could be read to subject court personnel to its terms. (E.g., Stip. §§ 7 and p. 7:8-12.) The Local Rules provide procedures for handling material filed under seal.

The parties should consider whether some or all of the materials at issue can be exchanged in redacted form (e.g., by deleting confidential or proprietary business information) or **whether they can enter into a confidentiality agreement among themselves, obviating the need for a protective order from the court.**

**IT IS SO ORDERED.**

cc:   Judge Anderson

James R. Hawkins, Esq.
Gregory Esteban Mauro, Esq.
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, CA 92618

Sean Sasan Vahdat, Esq.
Sean Sasan Vahdat & Associates
700 Irvine Center Drive, Suite 800
Irvine, CA 92618

Steven G. Sklaver, Esq.
Ryan C. Kirkpatrick., Esq.
Neal S. Manne, Esq.
Amy Brantly, Esq.
Susman Godfrey LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067


**MINUTES FORM 11**                              **Initials of Deputy Clerk**_____
**CIVIL-GEN**