SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5701 PA (CTx) | Date | January 6, 2010 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

    Before the Court are the responses filed by plaintiff Manuel Valentin Verner ("Plaintiff") and defendant Swiss II, LLC ("Defendant") to the Court's December 1, 2009 order to show cause why the class action allegations should not be stricken from the First Amended Complaint for failure to timely file a motion for class certification in compliance with Local Rule 23-3.

    Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." "Local rules are 'laws of the United States,'" and are "valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'" Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995) (quoting United States v. Hvass, 355 U.S. 570, 575, 78 S. Ct. 501, 504, 2 L. Ed. 2d 496 (1958) and Fed. R. Civ. P. 83); see also United States v. Comprehensive Drug Testing, Inc., 473 F.3d 915, 927 (9th Cir. 2006). As a class action, this action is governed by Local Rule 23-3.

    Plaintiff filed this putative class action on behalf of himself and a class of similarly situated individuals. The original Complaint, which asserted claims under state law, was filed on November 19, 2008 in the Los Angeles Superior Court. Plaintiff filed a First Amended Complaint, which also alleged state law claims, on March 20, 2009. Defendant filed a Notice of Removal on April 17, 2009. The Notice of Removal alleged that jurisdiction was based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) and diversity pursuant to 28 U.S.C. § 1332(a). Because the Notice of Removal alleged Plaintiff's residence rather than citizenship, the Court remanded the action for failing to adequately allege a basis for the Court's jurisdiction. After conducting discovery concerning Plaintiff's citizenship, Defendant filed a second Notice of Removal on August 4, 2009.

    Assuming that Local Rule 23-3's requirement that a motion for class certification be filed within 90 days of service began running on August 4, 2009, the date the Notice of Removal was filed in this Court, the motion for class certification should have been filed no later than November 2, 2009. As of that date, Plaintiff had not filed a motion for class certification despite the fact that the original

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5701 PA (CTx) | Date | January 6, 2010 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

Complaint and First Amended Complaint, both of which purported to commence a class action, were served and the action had been pending in the Central District for more than 90 days. Nor did plaintiff seek leave of the Court for an extension of time to file a motion for class certification prior to the expiration of the time within which to timely file such a motion.

  In his Response to the Court's order to show cause, Plaintiff explains that he did not file a class certification motion because he was waiting to commence discovery concerning class certification issues until the parties' Rule 26(f) conference of the parties. The Court has examined Plaintiff's response, and has determined that Plaintiff has not shown good cause for failure to file a motion for class certification within the time permitted by Local Rule 23-3. Nor has he shown good cause for failing to request an extension of the deadline. An "agreement" between the parties, in the absence of a Court Order, is plainly insufficient to change the deadline mandated in Local Rule 23-3. See L.R. 23-3 (establishing 90-day deadline "unless otherwise ordered by the Court."). The Court's Standing Order in this Case clearly states that "[n]o stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Both applications and stipulations must be filed in advance of the date due . . . " (Standing Order ¶ 9.) Furthermore, the parties' Rule 26(f) Joint Report did not refer to, or otherwise acknowledge, Local Rule 23-3. Until it was brought to their attention, the parties had done nothing to indicate that they were aware of Local Rule 23-3's requirements. If Plaintiff was indeed aware of the deadline, and indeed intended to request an extension for the purpose of conducting discovery, Plaintiff could have sought relief from this Court in advance of the deadline. He failed to do so.

  Because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's First Amended Complaint. See Watson v. Schwarzenegger, Nos. 06-55673 & 06-56371, 2009 WL 1956222, at *1 (9th Cir. June 23, 2009) (affirming district court's enforcement of Local Rule 23-3); Main v. Elec. Data Sys. Corp., 168 F.R.D. 573, 577 (N.D. Tex. 1996) (striking class allegations for failing to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint); see also Burkhalter v. Montgomery Ward & Co., 676 F.2d 291, 294 (8th Cir. 1982) (affirming district court's striking of class allegations because of plaintiff's failure to comply with court order setting deadline for filing of motion for class certification); Reichman v. Bureau of Affirmative Action, 536 F. Supp. 1149, 1168-69 (M.D. Penn. 1982) (denying motion for class certification because plaintiff failed to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint); Coffin v. Sec'y of Health, Educ. & Welfare, 400 F. Supp. 953, (D.D.C. 1975) (same).

  In its March 9, 2009 order to show cause, the Court prompted the parties to address whether there would remain a basis for this Court's jurisdiction if the Court were to strike the class action allegations. Plaintiff's Response did not address the Court's jurisdiction. Defendant asserts that even without CAFA jurisdiction, the Court would still have diversity jurisdiction over Plaintiff's claims

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5701 PA (CTx) | Date | January 6, 2010 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

because the parties are citizens of different states and, relying on the Notice of Removal, the amount in controversy exceeds $75,000.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Here, the First Amended Complaint does not allege an amount in controversy. Therefore, it was incumbent upon Defendant to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "If the amount in controversy is not clear on the face of the complaint . . . defendant must . . . . submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).

    Plaintiff's First Amended Complaint alleges damages according to proof. Although the amount in controversy includes attorneys' fees if authorized by statute or contract, Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), Plaintiff's First Amended Complaint does not allege the amount of attorneys' fees sought. In its Notice of Removal, Defendant alleges that because the First Amended Complaint alleges that Defendant "consistently" violated California's wage and hour laws by failing to provide meal and rest periods, the amount in controversy is Plaintiff's hourly wage times 250 work days per year times three meal and rest break premiums per day times four years. Nothing in the First Amended Complaint or the Notice of Removal supports a conclusion that the amount in controversy is three premiums for each day worked for the last four years. Defendant has no "summary-judgment type evidence" to support its calculation of the amount in controversy for the unpaid meal and rest breaks. Moreover, California Labor Code § 226.7, which forms the basis of Plaintiff's claim, states that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Contrary to the plain

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5701 PA (CTx) | Date | January 6, 2010 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

language of the statute, Defendant has calculated the premium based on each meal or rest period missed, rather than "one additional hour of pay . . . for each work day that the meal or rest period is not provided." As a result, the amount in controversy alleged in the Notice of Removal for unpaid meal and rest periods, which accounts for 75% of the amount Defendant relies on to satisfy the amount in controversy, is overstated by at least a multiple of three. Defendant's calculations therefore do not constitute affirmative evidence of the amount in controversy.

Plaintiff's alleged refusal to stipulate to the amount of damages sought, or confirmation that the amount in controversy exceeds $75,000— not presented in a declaration under penalty of perjury—does not overcome this lack of evidence. As a result, Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Matheson, 319 F.3d at 1090.

Because Defendant has not adequately supported its contention that the Court has diversity jurisdiction over Plaintiff's individual claims, and the Court no longer has CAFA jurisdiction as a result of the class action allegations having been stricken, the Court concludes that it lacks jurisdiction over this action. For the foregoing reasons, the Court hereby remands this action to the Los Angeles Superior Court, No. BC402394, because the Court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). The Scheduling Conference, currently calendared for January 4, 2010 is vacated. Plaintiff's Motion to Stay Proceedings (Docket No. 20) is denied as moot.

IT IS SO ORDERED.

_____ : _____<br>Initials of Preparer